[No. 31072. Department Two. October 13, 1949.]

*In the Matter of the Estate of* TESSIE AUSTIN HALL,
*Deceased.*

GENEVA B. MILLER, *Appellant,* v. W. E. HALL, *Respondent.*[1]

*Simmons & McCann,* for appellant.
*Ryan, Askren & Mathewson,* for respondent.

MALLERY, J.—Tessie Austin Hall died May 29, 1948. Her surviving spouse, respondent W. E. Hall, was appointed administrator of her estate, June 1, 1948. Decedent's sister, appellant Geneva B. Miller, petitioned for probate of decedent's will. At the *ex parte* hearing which followed, one of the attesting witnesses testified adversely to decedent's testimentary capacity. After the hearing, only a

[1] Reported in 210 P. (2d) 406.

journal entry, dated June 11, 1948, was made denying the petition.

October 13, 1948, appellant petitioned again for probate. The court ordered respondent and the two attesting witnesses to appear and to show cause why "the order [journal entry of June 11] rejecting the will should not be revoked." After this hearing, at which it appears that no additional evidence was offered or received, the court entered a formal order, October 28th, denying probate of the will, dismissing the show cause order, and reciting, among other things, that only the evidence of the one witness, Susan B. L. Blogg, purported to sustain the will.

Appellant filed a third petition for probate in November, 1948. The matter was not heard until February, 1949, when the court sustained a demurrer to the third petition and dismissed it. Petitioner appeals from this order.

Of course, the journal entry of June 11th, was not an appealable order because the court still had power to consider the matter as being under advisement. Even after the formal order of October 28th, the court could have reopened the proceedings for the taking of further testimony upon a sufficient showing made in support thereof. For appellant's benefit, we will treat the second petition, together with its accompanying show cause order, as if its purpose was to reopen the matter for additional testimony. Even with this liberal construction, we find the following quoted paragraph as setting out the entire contention made by the petitioner as justification for a further hearing:

"That she believes that the purported Last Will and Testament of Tessie Austin Hall, executed on the 22nd day of April, 1948, was duly and regularly executed and is entitled to be probated; that from due investigation of competent witnesses, she believes that the said Tessie Austin Hall was competent to make a will at the time she executed said will and that the witness to the will, Susan B. L. Blogg, has so testified and is willing to *retestify* to these facts; that *she believes the testimony of Sadie C. Jones is in error and that the hearing of this petition will bring all facts before this court so that the court may properly adjudicate and admit this will to probate.*" (Italics ours.)

It should be mentioned that the show cause order accompanying this second petition was directed only to respondent and the two attesting witnesses, and, so far as we can determine from the record, there was no showing made as to any new evidence or other available witnesses whom petitioner desired to present to the court.

The reopening for further testimony in such a case lies within the sound discretion of the trial court, and we will not reverse the trial court except for abuse thereof. We find no abuse of discretion in the trial court's order denying probate and dismissing the show cause order. Petitioner failed to make even a *prima facie* showing entitling her to reopen.

This order of October 28th, denying probate was formally entered. It was appealable, and had it been brought to this court the matter would have been heard *de novo*. See *In re Ney's Estate*, 183 Wash. 503, 48 P. (2d) 924. However, no appeal was taken from this order. Four months later, the third petition and the accompanying show cause order came on for hearing. The demurrer to it was properly sustained and the petition dismissed.

At this stage of the proceedings, the petition to reopen having been insufficient, and the time for appeal having run on the formal order of October 28th, the matter was *res judicata* and binding upon the world except in the event of a contest as authorized by Rem. Rev. Stat., § 1385 [P.P.C. § 218-1], which reads as follows:

"Contests—time of filing—Issues triable.—If any person interested in any will shall *appear* within six months immediately *following* the probate or rejection thereof, and by petition to the superior court having jurisdiction contest the validity of said will, or *appear* to have the will proven which has been rejected, *he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof.* Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.

"If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final as to all the world: Provided, . . . " (Italics ours.)

■ The provisions of Rem. Rev. Stat., § 1385, are not available to petitioner, because her third petition cannot be treated as a will contest. She was the *original* petitioner for the probate of the will. She had an appeal from an order denying it to probate. The statute may only be invoked by interested persons whose rights have not already been determined by the court and who *appear*, for the first time, *following* the court's action upon the petition for probate. The rule of *res judicata* does not apply to them. The contest statute affords them their day in court subject only to the six months time limitation.

We therefore hold that the petitioner's remedy was by appeal and not under Rem. Rev. Stat., § 1385.

The order is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.