[No. 36190. Department Two. July 26, 1962.]

ARTHUR F. YORK et al., Appellants, v. CHARLES F. COOPER et al., Respondents and Cross-appellants.*

Charles F. Cooper, pro se.

OTT, J.—Arthur F. York and Hazel B. York, his wife, and Charles F. Cooper and Lucetta D. Cooper, his wife, own adjoining residence properties in the city of Tacoma. Prior to 1929, the former owners established a mutual easement from North Warner Street to the east boundary line of their respective properties, extending 4½ feet onto the property of the Coopers and 3 feet on the property of the

*Reported in 373 P. (2d) 493.

Yorks. Approximately 30 feet of the 7½-foot area, beginning at the sidewalk on North Warner Street, were paved. The easement was used for the primary purpose of ingress and egress for vehicular deliveries of fuel to the basements of both properties. When automobiles were occasionally parked on the easement property, only 6 to 12 inches remained between the vehicle and the residences.

In 1953, the Coopers converted their furnace to an oil burner and thereafter received fuel deliveries by means of a hose from a truck parked on North Warner Street. The Coopers, at various times, protested to the Yorks and their tenants relative to the use of the easement area for the parking of motor vehicles. The protests were unheeded, and, on or about September 20, 1960, the Coopers erected a fence on their property line from the sidewalk on North Warner Street to the east end of their property, thus blocking vehicular use of the easement.

Arthur F. York and wife commenced this action against Charles F. Cooper and wife to enjoin the Coopers from obstructing the use of the easement in any manner so as to defeat the purpose for which it was established and commonly used.

The Coopers' answer admitted that an easement had been established and that they had erected the fence. They affirmatively alleged that the Yorks' use of the area for parking of automobiles and boats had exceeded the purpose for which the easement was granted and constituted a nuisance, and that the noise and fumes from the automobiles caused Lucetta Cooper to become ill. They requested that the Yorks be enjoined from using the area for parking purposes.

The cause was tried to the court, which entered findings of fact that the easement had been used for parking purposes for limited periods of time, and that the unrestrained use of the area for parking purposes could constitute a nuisance. The court restrained the use of the easement for parking purposes to a 12-hour period, and directed the Coopers to remove the fence.

From a judgment entered upon the findings, both parties gave notice of appeal.

Arthur F. York and wife abandoned their appeal. Charles F. Cooper and wife perfected their appeal and have furnished this court with a transcript of the pleadings, the court's findings of fact, conclusions of law, and judgment. There is no statement of facts. The Coopers filed a brief pro se, and the Yorks made no appearance.

The Coopers accept the court's findings of fact, but contend that they do not support the conclusions of law, and that the court erred (1) in granting an easement "for the purpose of limited parking in the affected area," and (2) because "In arriving at that decision little or no consideration was given to the NUISANCE AND HEALTH HAZARD" created by the parked automobiles.

■ When the court's findings of fact are not challenged, we accept them as verities. Rule on Appeal 43, RCW Vol. 0; *Tremlin v. Tremlin,* 59 Wn. (2d) 140, 367 P. (2d) 150 (1961). Further, in the absence of a statement of facts, we must assume that the evidence sustains the trial court's findings. *Clark v. Fowler,* 58 Wn. (2d) 435, 363 P. (2d) 812 (1961); *Wilder v. Baker,* 57 Wn. (2d) 479, 358 P. (2d) 133 (1960).

The Coopers admit that an easement was granted as a convenience to both properties, but contend that the use of their property for parking purposes was never intended.

■ The intent of a donor in granting an easement must be established by the evidence. Both parties used the property for ingress and egress and for parking of vehicles. The use to which an easement is put is evidence of the intent of the parties in establishing it. *Scott v. Wallitner,* 49 Wn. (2d) 161, 299 P. (2d) 204 (1956).

The court's finding of fact in this regard is as follows:

"That at all times herein mentioned said concrete driveway and the area between the two houses has been used by the owners and occupants of both houses as a driveway for the delivery of fuel and for parking of motor vehicles, and that the owners and occupants of both houses have claimed the same as a matter of right, but that since 1946

the defendants have at times protested the parking of motor vehicles in said area; that said use of the driveway and area continued until about the 20th of September, 1960."

 The court found as a fact that, since 1929, the area had been used by the owners of both properties "for parking of motor vehicles," and that such use "continued until about the 20th of September, 1960." As a conclusion of law, the court held that the owners of the properties described have a perpetual easement over the 7½-foot strip "for delivery of fuel and other services, and for the parking of automobiles thereon," the parking to be limited to the concrete slab and to periods not to exceed 12 hours at any one time.

The findings of fact support the conclusions of law. We find no merit in the Coopers' first contention.

Their second contention is that the court gave "little or no consideration . . . to the NUISANCE AND HEALTH HAZARD." They argue that the easement was never intended to be used for parking purposes and that, when used for this purpose, the noise and fumes from the motor vehicles constituted a nuisance. Contrary to their contention, the court found that the 7½-foot strip had been used for parking purposes, and that the evidence did not establish that its use for parking constituted a nuisance, even though it was annoying to the Coopers.

 With reference to proof of illness, the court found that the "defendants submitted no proof of the illness of the defendant, Mrs. Cooper," but that "the unrestrained use of said driveway could make healthy people ill and cause a perpetual and continuing nuisance." Therefore, the court restricted the use of the area for parking purposes. In the absence of a statement of facts, we are unable to determine whether the court abused its discretion in imposing this restriction.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.