[Nos. 15-40237-2, 23-40372-2.    Division  Two.    December  23,  1969.]

*In the Matter of the Estate of* JOHN RYNNING, *Deceased.*

*Heavey & Picton* and *Edward Heavey*, for appellant.

*Preston, Thorgrimson, Starin, Ellis & Holman* and *Edward Starin*, for respondent.

PEARSON, J.—This opinion concerns two appeals which were consolidated for argument, both of which involve the rejection of a purported will of John Rynning, deceased. The nature of the appeals is discussed below.

John Rynning died on May 5, 1966. His surviving widow, Beulah Rynning, whom he had married in December, 1964, applied for letters of administration on May 9, 1966. She was duly appointed and qualified on May 11, 1966.

On May 13, 1966, Margaret Mickelson, a sister of deceased, petitioned for the probate of the questioned will. The document was three pages in length. It contained an obvious erasure on its first page, where the name Beulah Nelson Rynning was typed. On the third page at the date of execution (6th day of July, 1964), the "4" in 1964 was written in over a typed "3." Otherwise it conformed to the statutory formalities required of a will.

The will named and expressly disinherited the surviving widow, Beulah Rynning, and a brother of decedent, Fred Helm. The entire estate was devised equally to Margaret Mickelson and another brother, Ralph Rynning, an incompetent. During this period of time Margaret Mickelson was the legal guardian of Ralph Rynning, although she did not file the petition for probate of the will in her representative capacity, but as an individual.

Hearings regarding the validity of the will were held before Judge Phillip Sheridan on May 17, May 27, and June 30, 1966. On September 9, 1966, Judge Sheridan entered an order rejecting the document "for the reason that the said will was materially altered after having been fully executed by the decedent . . ."

No appeal was taken from this order. However, Margaret Mickelson, in her individual capacity, filed a motion to vacate the order on September 1, 1967. Her affidavit in support of this motion set forth several legal grounds and "newly discovered evidence."

On October 4, 1967, Judge Thomas Stiger, without a hearing on the merits, denied the motion to vacate. Mar-

garet Mickelson has appealed from this order and that appeal is before us as case No. 23 (40372) 2.

Prior to the filing of her motion to vacate, Margaret Mickelson did on March 8, 1967, as guardian of Ralph Rynning, file a petition to contest rejection of the will under RCW 11.24.010. On June 29, 1967 Judge Alfred O. Holte entered an order dismissing the petition. The order states that the court considered the opening statement of petitioner, the motion to dismiss by the administratrix, the argument of counsel and the files and records before it. The trial court specifically entered findings that the 1966 hearings "were adversary in character and involved the calling of witnesses and the taking of testimony other than that of subscribing witnesses to the purported will . . ." The trial court also found that the evidence sought to be introduced by petitioner as outlined in his opening statement "would be cumulative and repetitious of that heretofore introduced at the prior hearings . . ." In its last finding the trial court stated that because the rights and interests of Ralph Rynning and Margaret Mickelson were identical, the rights of Ralph Rynning, incompetent, "were fully protected and litigated in the prior proceedings . . ."

The trial court concluded that the order of Judge Sheridan of September 9, 1966 was res judicata on the issues sought to be litigated by the petition. The appeal from the order dismissing the petition is before us as case No. 15 (40237) 2. We consider first this appeal.

No statement of facts has been filed on appeal and we are unable to examine what transpired at the hearings concerning the admission of the will. Likewise, there have been no exceptions taken to the findings of fact made by the trial court.

■ When the court's findings are not challenged, we must accept them as verities and in the absence of a statement of facts we must assume that the evidence sustains the findings. *York v. Cooper*, 60 Wn.2d 283, 373 P.2d 493 (1962). Our review is limited to the question of whether or not the findings legally support the judgment.

In its order of September 9, 1966 the trial court rejected the offered will, finding that it had been materially altered after its execution. This finding is legally sufficient to justify rejection of the will. *In re Estate of Campbell,* 47 Wn.2d 610, 288 P.2d 852 (1955).

Would this order be res judicata as to Ralph Rynning, an incompetent, who files a will contest under RCW 11.24.010?

The transcript shows that Margaret Mickelson offered the will for probate under RCW 11.20.020. That statute provides that after application has been made for the probate of a will, the court may hear proofs and either probate or reject the will as the testimony may justify. Its order shall be conclusive unless a will contest is had under the provisions of 11.24.010.

The original petitioner who fails to appeal from the order rejecting the will is not permitted to invoke the latter statute and contest such rejection. *In re Estate of Hall,* 34 Wn.2d 830, 833, 210 P.2d 406 (1949).

> The statute [11.24.010] may only be invoked by interested persons whose rights have not already been determined by the court and who *appear,* for the first time, *following* the court's action upon the petition for probate. The rule of *res judicata* does not apply to them. The contest statute affords them their day in court subject only to the six months[1] time limitation.

Should the doctrine of res judicata (or more properly collateral estoppel) bar Margaret Mickelson, in her representative capacity as guardian of her incompetent brother, from relitigating an issue that she is precluded from relitigating in her individual capacity?

In describing the characteristics of res judicata and collateral estoppel, the Supreme Court states in *Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 396, 429 P.2d 207 (1967):

> Both doctrines require a large measure of identity as to parties, issues and facts, and in neither can the party urging the two doctrines as a defense be a stranger to the

---

[1]This time limitation was changed to 4 months, effective July 1, 1967. *See* RCW 11.24.010.

prior proceeding. He must have been a party, a participant, or in privity with either, and the action out of which the bar is claimed must be qualitatively the same as the case in which the doctrine is set up as a bar. Where res judicata precludes relitigation of an entire cause because of an identity of parties and issues culminating in a judgment, collateral estoppel is less inclusive, preventing retrial of but one or more of the crucial issues or determinative facts.

To make either doctrine applicable, there must be a concurrence of identity of subject matter, of cause of action, of persons and parties, and the quality of the persons for or against whom the claim is made. *Northern Pac. Ry. v. Snohomish County*, 101 Wash. 686, 172 P. 878 (1918).

We think such a concurrence of identity appears sufficiently from the trial court's findings and the record before us to make the doctrine of collateral estoppel applicable here on the issue of the validity of the will.

■ Margaret Mickelson, at the time she offered the will, at the time of the three hearings to determine its validity and thereafter, was the legally appointed guardian of Ralph Rynning. Their respective interests in the estate of John Rynning were the same, whether or not the will was accepted or rejected. The trial court's unchallenged finding that the rights of Ralph Rynning were fully protected in the prior adversary proceeding is an obviously correct finding, unless it was erroneously assumed that she would do something more or something less in her individual interests than she would in her representative capacity. We believe that in this case Margaret Mickelson and her ward were in privity for the purpose of applying the doctrine.

The reason for the doctrine of collateral estoppel is to prevent relitigation of already determined issues and curtail multiplicity of actions and harrassments in the courts. *See Bordeaux v. Ingersoll Rand Co., supra.* That reason is manifestly compelling in this case.

We are not holding that as a general rule a party should be bound in an action that he brings in his representative

capacity simply because he has previously litigated similar issues as an individual.

However, where, as here, the circumstances were such that all rights or interests of Margaret Mickelson held in any of her capacities were before the court and involved in the decision, the doctrine of collateral estoppel should be invoked to preclude relitigation of issues concerning such rights and interests. 50 C.J.S. *Judgments* § 775 (1947).

> The purpose of collateral estoppel by judgment is to preclude parties *or their privies* from relitigating an issue that has been finally determined by a court of competent jurisdiction, after the party against whom estoppel is claimed has had an opportunity to fairly and fully present his case.

(Italics ours.) *International Bhd. of Mill Workers v. Delaney,* 73 Wn.2d 956, 960, 961, 442 P.2d 250 (1968).

The trial court was correct on the findings made in applying that rule to this case.

Appellant relies upon two cases which are distinguishable. *In re Estate of Johnson,* 20 Wn.2d 628, 148 P.2d 962 (1944); *In re Estate of Peters,* 43 Wn.2d 846, 264 P.2d 1109 (1953).

In *Johnson,* the proceeding on the probate of the will was not "adversary" in nature as the trial court found this case to be. In *Gordon v. Seattle-First Nat'l Bank,* 49 Wn.2d 728, 306 P.2d 739 (1957), the Supreme Court holds that RCW 11.24.010 is not the exclusive remedy for contesting the validity of a will. If the parties at the original hearing raise the issues and submit those issues to the probate court, it is bound to hear evidence and decide such issues. Such proceedings under those circumstances do become adversary.

In *Peters,* the contestant, a brother of the deceased, had not been properly notified of the probate hearing and appeared for the first time in the will contest proceedings. There was no privity of interest between the party who petitioned for the probate of the will and the contestant.

The judgment of the trial court in case No. 15 (40237) 2 is affirmed.

Was the trial court in case No. 23 (40372) 2 warranted in dismissing the motion of Margaret Mickelson to vacate the order of September 9, 1966, rejecting the will?

The trial court did not hear the motion upon its merits, but instead ruled that the procedural steps taken by Margaret Mickelson on behalf of the ward constituted a "waiver" of all her rights to have the order rejecting the will set aside.

We do not agree with the use of the term "waiver" in connection with the appellant's loss of her right to further contest the rejection of the will. However, we do believe that the order of June 29, 1967 dismissing the petition and our affirmance of the trial court's action partially disposes of this second appeal.

Judge Holte's unchallenged findings established that there was a full and fair adversary hearing on the merits in 1966. The findings also establish that the evidence she sought to introduce as guardian was no different from that introduced before. Those findings are, insofar as relevant in this appeal, binding upon Margaret Mickelson as to the nature of the 1966 hearings. As above stated, hearings concerning the probate of a will may properly become adversary in nature. *Gordon v. Seattle-First Nat'l Bank, supra.* We do not see any support in the transcript for appellant's contention in her motion to vacate that the 1966 hearings were improperly conducted.

The affidavit supporting her motion to vacate provides:

> The newly discovered evidence has been obtained in establishing the facts dealing with the date of signing of the Will and the purported alteration of the Will, that could not have been discovered by due diligence before the time to move for a new trial under Rule 59 (b).

CR 60(b)(3) allows the court to vacate a judgment within 1 year on the grounds of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b).

The affidavit supporting the motion to vacate neither describes the nature of the new evidence nor does it

show why such evidence could not have been discovered and presented to the trial court earlier. In this regard the affidavit is wholly insufficient to satisfy the requirements of CR 60(e). *Davenport v. Taylor,* 50 Wn.2d 370, 311 P.2d 990 (1957). The trial court was correct in denying the motion to vacate and its order in case No. 23 (40372) 2 is affirmed.

Respondent is allowed costs for both appeals.

ARMSTRONG, C. J., and PETRIE, J., concur.