[No. 893-3.   Division Three.   July 31, 1974.]

THE TOWN OF SELAH, *Appellant,* v. R. A. WALDBAUER *et al., Respondents.*

*Felthous, Peters & Schmalz* and *Douglas D. Peters,* for appellant.

*Richard R. Greiner,* for respondents.

MUNSON, J.—The Town of Selah appeals from a judgment dismissing its complaint for a mandatory injunction to prohibit vehicle ingress or egress, directly or indirectly, to the particularly described property of the defendant from Hillcrest Drive in Selah, Washington, and further to require the defendants to erect structures or other devices to accomplish this end.

The trial court, in denying plaintiff relief, held there was no agreement between the parties restricting ingress or egress from the property and further, the Town cannot deprive the defendant of access to a public road through adoption of a zoning ordinance. We affirm.

In 1968 or 1969, defendants purchased property located at the junction of Hillcrest Drive and Crusher Canyon Road in the town of Selah. A duplex was located upon this property with a driveway extending from the duplex to Hillcrest Drive. When the Town of Selah adopted a zoning ordinance, this area was designated R-1, single residence; thus the duplex, which was in existence at the time of the passage of the zoning ordinance, was a nonconforming use.

In 1971, the defendants purchased adjacent property and in December, filed an application requesting a rezone of both properties, as a single parcel, from R-1 to R-3, multiple dwelling. This request was heard by the town's Planning Commission and apparently met with its approval. When the Town Council first considered this matter on December 27, 1971, they requested a plot plan from defendant. At this meeting the defendants also stated that their

second purchase had been for the purpose of providing double ingress and egress for access off Crusher Canyon Road.

On January 10, 1972, after defendants had submitted their plot plan, the Town Council referred the matter back to the Planning Commission for further study. On January 12, 1972, the Planning Commission again granted approval. In attendance at the Planning Commission were several members of the Town Council.

The matter came before the Town Council again on January 24, 1972. The trial court found that defendant Mr. Waldbauer was not in attendance at that meeting. The minutes of the meeting reflect the following motion was made, seconded and passed:

> That COUNCIL APPROVE the RE-ZONE for property known as Tract "A" from R-1 ZONE to R-3 ZONE, as requested by MR. WALDBAUER, subject to the following restrictions:
> 1). That the total property including the hillside down to CRUSHER CANYON & HILLCREST DRIVE be landscaped *to city specifications*.
> 2). The construction and location of the driveway serving the new units onto CRUSHER CANYON conform to standards designated by the town.
> 3). That no vehicle ingress or egress, for the new units, will be provided for off of HILLCREST DRIVE. They shall be served by the driveway off CRUSHER CANYON ROAD.

(Italics ours.) The italicized words are contained in the minutes of that meeting, but not in a letter mailed to the defendants January 25, 1972, advising them of the council's action; other than that discrepancy, the conditions were restated verbatim in the letter. We do not perceive that the difference in language setting forth the conditions has any effect upon the determination of the case. However, it should be noted that in the letter the defendants were further advised: "The building permit for your proposed unit will be issued subject to your signed agreement to these restrictions and approval of building and site plans."

This language does not appear to have been considered the previous evening by the Town Council.

On March 6, 1972, the defendants requested and were issued a building permit. At that time, they asked if the Town had a written agreement for them to execute. They were advised none had been prepared but an agreement could be executed later. Upon issuance of the permit, which noted that the area had been rezoned to R-3, the defendants commenced construction. They moved the building site 20 feet further north than evidenced by their plot plan. The physical dimensions of the building are the same, but they built into it 7 units as contrasted to 6 units as stated on the plot plan. The record reflects no written agreement was entered into, nor had the Town formally approved the building and site plans.

The building was completed in late August 1972. Thereafter, the Town discovered that, while having passed a motion to rezone the property on January 24, 1972, an ordinance making the zone change had not been adopted. On October 10, 1972, the council passed ordinance No. 476, rezoning the property:

upon the occurrence of the hereinafter stated conditions
. . . :

. . .
A. That the total property not within the right of way of Crusher Canyon Road or Hillcrest Drive shall be landscaped to Town specification no later than April 1, 1973.
B. That the construction and location of the driveway serving the multiple dwelling onto Crusher Canyon Road shall conform to the standards designated by the Town and shall be completed to those standards by April 1, 1973.
C. That no vehicular ingress or egress, directly or indirectly, from the multiple units shall be provided onto Hillcrest Drive. The property owner shall by the use of structures and other traffic controlling devices fulfill this condition by October 18, 1972.
That upon the occurrence of the foregoing conditions, the property shall be rezoned from R-1 to R-3 Zone. The Clerk-Treasurer is ordered to amend the zoning map in

compliance with this Ordinance upon the fulfillment of the conditions as later disclosed in the minutes of Council meetings.

Defendants refused to comply with condition (C) above. The parties attempted to resolve this conflict, but to no avail. Thus, the Town instituted this action on December 15, 1972. The validity of the rezone designation is not challenged, nor is it contended that the failure to comply with the conditions expressed in the ordinance resulted in the rezone portion of the ordinance not taking effect. The Town of Selah seeks to close the access from the property to Hillcrest Drive.[1]

The Town of Selah first assigns error to the court's failure to find a concomitant agreement between the parties, binding the defendant to accomplish the closure or restriction of access sought by the Town. It is submitted that the Town may enter into such an agreement as an exercise of its legislatively delegated authority to zone.

■ Condition (C) of ordinance No. 476 provides that vehicular ingress or egress to all multiple units, including both the apartments and the duplex, must be completely closed. The court found plaintiff, by its complaint, sought this result. No exception was taken to that finding of fact and it must be accepted as a verity upon appeal. *In re Estate of Rynning*, 1 Wn. App. 565, 462 P.2d 952 (1969).

■ The court further found that the parties contemplated a written concomitant agreement as a condition precedent to a contract's existence. *Bharat Overseas, Ltd. v. Dulien Steel Prods., Inc.*, 51 Wn.2d 685, 688, 321 P.2d 266 (1958). The notification by letter from the Town to the defendants, and the defendants' questions about a written agreement at the time of the issuance of the building permit, evidence such an intent. It is undisputed that the par-

---

[1]There is another driveway farther south, and uphill, from the one at issue, which we do not understand to be an issue here; when we speak of access, we refer only to the northern driveway as enlarged by the defendants.

ties executed no written agreement. The court's findings are supported by the record.

Notwithstanding, the Town contends that there was an oral or implied agreement; by the defendants' acceptance of the building permit, they impliedly agreed to comply with the conditions which Mr. Waldbauer had orally accepted at previous meetings of either the Planning Commission or the Town Council.

The trial court held that there was no meeting of the minds, and insufficient agreement on too many issues, to find such contract. Finding of fact No. 16 indicates the court's factual determination:

> Defendant Waldbauer knew the city desired some restrictions as to the use of the property for the multiple unit. Waldbauer did not intend to remove the existing driveway. Too many things were not agreed upon in order to make a contract. There was no agreement as to specifications for landscaping. There was no agreement as to specifications for building of the entrance road on Crusher Canyon. There was no agreement, and the defendant never intended to have a total cut-off of the access from Hillcrest Drive. This was not conveyed to defendant Waldbauer and there is no evidence that it was in the minds of the council itself. The court finds there was no meeting of the minds of the parties. That although a concomitant agreement was contemplated, such was not made nor entered into. Waldbauer did not agree to the closure of the driveway in question, at the time of the issuance of the building permit or at any time thereafter, either directly or indirectly and that the closure of such private driveway was not a condition contemplated or agreed to by either plaintiff or defendant for the issuance of a building permit or for the rezone of the property. Prior to the construction, discussion was had between Waldbauer and the city manager about an additional driveway entrance on the lower side of the new construction to Hillcrest and Waldbauer was advised that the council would not permit the additional driveway.

At most, the evidence would support inferences that the parties agreed there would not be an enlargement of the

existing driveway and there would be no access to the apartment house from the existing driveway. When the council passed the ordinance prohibiting all access off Hillcrest Drive, it exceeded any condition previously contemplated by the parties. It is clear from the evidence that there was no meeting of the minds between these parties contemplating the result which the Town seeks in this action. The evidence supports the findings of the trial court in this regard.

Secondly, the Town of Selah claims it could close the Hillcrest Drive access to the apartment house based upon its power to regulate traffic by zoning or under its general police power. Relatedly, the Town contends such conditions may be attached to a rezone without necessity of an agreement with the party seeking the rezone. We disagree.

Article 11, section 11 of the Washington State Constitution provides: "Any . . . town . . . may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."

Zoning ordinances, as a valid exercise of the police power, are constitutional. *State ex rel. Miller v. Cain,* 40 Wn.2d 216, 242 P.2d 505 (1952).

RCW 35.63.090, in discussing purposes of restrictions of planning commissions, states:

> All regulations shall be worked out as parts of a comprehensive plan which each commission shall prepare for the physical and other generally advantageous development of the municipality and shall be designed, among other things, . . . to lessen traffic congestion and accidents; . . .

RCW 35.27.370 states in part:

> The council of said town shall have power:
> (1) To pass ordinances not in conflict with the Constitution and laws of this state, or of the United States;
>
> . . .
>
> (17) To make all such ordinances, bylaws, rules, regulations and resolutions not inconsistent with the Constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good govern-

ment and welfare of the town and its trade, commerce and manufacturers, and to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter.

The trial court held that an individual's right of access to and from a public way is a valuable property right, and a town, through the exercise of its police power by the passage of zoning ordinances, cannot avoid an eminent domain proceeding to compensate for a taking or damaging of a valuable property right. We agree.

> The owner of property abutting upon a public thoroughfare has a right to free and convenient access thereto. This right of ingress and egress attaches to the land. It is a property right, as complete as ownership of the land itself.
>
> On numerous occasions, this court has held that the abutting property owner is entitled to just compensation if this right is taken or damaged.

*Walker v. State,* 48 Wn.2d 587, 589-90, 295 P.2d 328 (1956). However, in *Walker,* the State placed a concrete curb down the center of the highway which would have the effect of prohibiting one lane of traffic from crossing the centerline into the plaintiff's motel. The court held that the Walkers had no property right in the continuance or maintenance of the flow of traffic past their property:

> They still have free and unhampered ingress and egress to their property. Once on the highway, to which they have free access, they are in the same position and subject to the same police power regulations as every other member of the traveling public.

*Walker v. State, supra* at 590.

The driveway to this property has been in existence for over 20 years. By ordinance No. 476 of the Town of Selah, it is contemplated that the entire access onto this property from Hillcrest Drive will be terminated. This may be done through different action, *i.e.,* eminent domain; it cannot be done by rezoning legislation. It could have also been accomplished by a concomitant agreement. *State ex rel. Myhre v.*

*Spokane,* 70 Wn.2d 207, 422 P.2d 790 (1967). *Cf. Chrobuck v. Snohomish County,* 78 Wn.2d 858, 889, 480 P.2d 489 (1971) (Neill, J., dissenting). However, there was no such agreement. There was no error.

The Town also contends the trial court erred in admitting exhibit No. 35, a letter from an expert retained by the Town, and in admitting testimony given by this expert witness. It is contended the evidence improperly injected matters of compromise and settlement into issue. Plaintiff Town offered exhibit No. 35, which was received without objection. The Town cannot be heard to complain. Secondly, the trial court repeatedly stated that it was not admitting testimony from that expert for the purpose of injecting offers of compromise and settlement, but for the sole purpose of determining whether there had been an oral agreement between these parties. The trial judge perceived the distinction between the admissible and the inadmissible purposes for which the evidence was offered. His ruling and his decision were based on that distinction. We find no error.

Lastly, the Town assigns as error the failure to grant a new trial upon the basis of an affidavit of a news reporter that she was present at the Town Council meeting on January 24, 1972, when the defendants allegedly acknowledged that they were amenable to any conditions which the Town might set in granting their rezoning request. We concur with the trial court that such evidence, if admitted, would have been cumulative and for impeachment purposes and, as such, was insufficient to justify the granting of a new trial. *Hill v. L.W. Weidert Farms, Inc.,* 75 Wn.2d 871, 454 P.2d 220 (1969). The trial judge stated that had such testimony been received during the regular course of the trial, he would not have attached much weight to it and it would not have changed the result of his

opinion. A new trial was not warranted. *Hill v. L.W. Weidert Farms, Inc., supra.*

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.