[No. 4368–II.  Division Two.  April 9, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. CLAUDE THERON SHOEMAKER, *Respondent.*

*James E. Carty, Prosecuting Attorney,* and *Roger A. Bennett, Deputy,* for appellant.

*Steven W. Thayer,* for respondent.

PETRICH, J.—The State of Washington has appealed the order of the trial court suppressing evidence seized during a warrantless search of defendant's automobile. The issue on appeal is whether the scope of the warrantless search extended to closed suitcases located in the trunk of the vehicle. We hold that it did not and affirm the order of suppression.

At approximately 5 p.m. on July 11, 1979, a confidential informant told Deputy Reese of the Clark County Sheriff's Department that at 6 p.m. that day Claude Shoemaker, the defendant herein, would deliver 25 pounds of marijuana to the Bull Run Tavern in rural Clark County. The informant described the defendant and the vehicle he would be driv-

ing but did not indicate where the marijuana would be located in the vehicle or how it would be packaged. The informant also admitted to criminal involvement with defendant within the preceding 72 hours. Defendant was known to local law enforcement officers as a narcotics dealer and was currently the subject of an investigation.

In response to this information Deputy Reese dispatched several deputies to the area and traveled to the tavern with the informant. Shortly after 5:30 p.m. defendant drove up in a vehicle matching the informant's description and was identified by the informant. One of the deputies stopped the vehicle and began to search it. After conducting a cursory search of the vehicle's interior, the deputy took the keys, opened the trunk and saw two suitcases. The officers opened both suitcases at the scene without a warrant and found a large quantity of marijuana inside. Defendant was then taken into custody and his vehicle impounded.

An omnibus hearing was held to determine whether the deputies had probable cause to conduct a warrantless search of defendant's automobile and whether such a search could extend to the closed suitcases found in the trunk. At the conclusion of the omnibus hearing, the trial court found that Deputy Reese did not have sufficient time to obtain a search warrant and concluded that the officers had probable cause to search the vehicle without a warrant based upon their verification of the informant's description of defendant, his vehicle and his direction of travel. The court also made a finding that the deputies had no prior information indicating that the marijuana might be in the suitcases which were eventually searched, only that marijuana would be located somewhere in the vehicle. The court concluded, however, that, even though the deputies had probable cause to conduct a warrantless search of the vehicle, they could not extend the search to the closed suitcases under the rule of *Arkansas v. Sanders,* 442 U.S. 753, 61 L. Ed. 2d 235, 99 S. Ct. 2586 (1979). Accordingly, it ordered the contraband suppressed.

The State has appealed the order of suppression, and the

defendant has perfected a cross appeal from the court's conclusion that the officers had probable cause to conduct the warrantless search, claiming there was no showing of informant's reliability.

Because of our decision affirming the trial court's ruling, it is not necessary to address defendant's cross appeal.

The State contends the trial court erred in concluding that the scope of the warrantless search could not extend to closed suitcases under the rule of *Arkansas v. Sanders, supra.* The State bases its argument on a factual distinction between *Sanders* and the present case. In *Sanders* police had probable cause to believe that contraband was contained in a specific suitcase which police agents observed defendant place in the trunk of a vehicle. Police stopped the vehicle, opened the trunk and searched the suitcase which was found to contain contraband. The Supreme Court held the warrantless search of the suitcase to be invalid. The court reasoned that, as police had probable cause to believe that the suitcase contained contraband, they were obliged to seize it and did in fact remove it from defendant's control. With the exigent circumstance of mobility then removed, the court held that police must first obtain a warrant before they could search the suitcase. *Arkansas v. Sanders,* 442 U.S. at 763, 61 L. Ed. 2d at 244–45. The State argues that in the present case the deputies did not have probable cause to believe that the contraband was contained in a specific suitcase, only that it was located somewhere in the vehicle. Therefore, they should have been able to search the vehicle and its contents thoroughly without a warrant as part of the automobile exception set forth in *Chambers v. Maroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970) and *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925). We disagree.

██ The Fourth Amendment normally requires that police first obtain a warrant before they search private property. *Arkansas v. Sanders,* 442 U.S. at 758, 61 L. Ed. 2d at 241. Exceptions to the warrant requirement are to be

drawn carefully and interpreted jealously, with the burden placed on the party asserting the exception. *Katz v. United States,* 389 U.S. 347, 357, 19 L. Ed. 2d 576, 585, 88 S. Ct. 507 (1967). *Accord, Arkansas v. Sanders,* 442 U.S. at 759, 61 L. Ed. 2d at 242. The warrantless search of automobiles is recognized as an exception to the warrant requirement when police have probable cause to believe that the vehicle contains contraband, stolen goods or other evidence of a crime *and* the exigent circumstance of mobility is present which makes obtaining a warrant impractical. *Chambers v. Maroney,* 399 U.S. at 48–49, 21 L. Ed. 2d at 426–27; *Carroll v. United States,* 267 U.S. at 156, 69 L. Ed. at 552–53. Also inherent in cases allowing the warrantless search of automobiles is the notion that a lesser expectation of privacy exists in regard to automobile interiors than for homes or other personal property. *See Arkansas v. Sanders,* 442 U.S. at 761, 61 L. Ed. 2d at 243. *See also South Dakota v. Opperman,* 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976). However, the Supreme Court recently cautioned that the automobile is not a "talisman" in whose presence the protections of the Fourth Amendment disappear; instead, the State still has the burden to demonstrate that exigent circumstances are present before a warrantless search of a vehicle and its contents may be justified. *Arkansas v. Sanders,* 442 U.S. at 761 n.7, 61 L. Ed. 2d at 243.

In the present case the deputies had probable cause to believe that defendant's vehicle contained contraband which justified their action in stopping the car and conducting a warrantless search of the vehicle's interior. However, after this search did not disclose any contraband and the trunk was opened displaying the suitcases, the officers then had probable cause to believe that the 25 pounds of contraband were contained in these suitcases. This would justify their action in seizing these containers and holding them until a search warrant could be obtained to open them, removing the exigent circumstances of mobility. Once the exigent circumstance of mobility is removed and the

personal property is seized and within the control of law enforcement officers, a warrant must be obtained to search it. *Arkansas v. Sanders,* 442 U.S. at 762, 61 L. Ed. 2d at 244. This is consistent with the court's earlier decision in *United States v. Chadwick,* 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977), in which it held that personal luggage is not subject to less protection just because it has been deposited in an automobile, and that the automobile exception does not justify a warrantless search of the contents of personal luggage after it is in the control of police.

We hold the deputies had probable cause to believe that the two suitcases contained contraband once they had conducted a limited search of the vehicle's interior which failed to disclose the contraband and then discovered the presence of the two suitcases in the trunk. When coupled with the information received from the informant that a large quantity of marijuana was located somewhere in the vehicle, the initial discovery of these two suitcases would lead a reasonable law enforcement officer to believe that they may well contain contraband. This in turn gave the deputies probable cause to seize the suitcases and to remove them from defendant's control. With the exigent circumstance of mobility removed, the officers were then required to obtain a search warrant before they could search the contents of the suitcases. *See State v. Marcum,* 24 Wn. App. 441, 449–51, 601 P.2d 975 (1979). *See also State v. Downes,* 285 Or. 369, 591 P.2d 1352 (1979); *State v. Groda,* 285 Or. 321, 591 P.2d 1354 (1979).

The State argues that, if this interpretation is adopted, police will be required to eliminate all possible hiding places in a vehicle and to seize all containers which could be repositories for contraband. This, the State argues, would result in a much greater intrusion upon Fourth Amendment rights than would result if police were allowed to search personal luggage as part of the automobile exception to the warrant requirement. We disagree. Implicit in the language of the Fourth Amendment is that a neutral

magistrate be imposed between the police and the citizenry by the warrant requirement. *Katz v. United States,* 389 U.S. at 356, 19 L. Ed. 2d at 585. Inherent in the warrant requirement is the possibility that law enforcement officers may have to *seize* items which they have probable cause to detain in order to obtain a search warrant before examining the object. As such, the seizure of an item of personal property in order to fulfill the warrant requirement must be deemed a lesser intrusion than the warrantless search of the same object. Note, *United States v. Chadwick and the Lesser Intrusion Concept,* 58 B.U. L. Rev. 436 (1978). *See also United States v. Chadwick,* 433 U.S. at 13, 53 L. Ed. 2d at 550. This view was reinforced by the Supreme Court's decision in *Sanders* which restated the principle that exceptions to the general requirement of a warrant are to be construed narrowly. *Arkansas v. Sanders,* 442 U.S. at 760–61, 61 L. Ed. 2d at 242–43.

We hold, therefore, that the trial court was correct in concluding that the warrantless search of defendant's automobile could not extend to the closed suitcases located in the trunk of the vehicle. The order of suppression is affirmed.

PEARSON, J., concurs.

REED, C.J. (dissenting)—I am unable to concur with the majority's holding that the decision in *Arkansas v. Sanders,* 442 U.S. 753, 61 L. Ed. 2d 235, 99 S. Ct. 2586 (1979) renders the warrantless search of the suitcases unconstitutional. As limited to its facts, that case requires a warrant where the police have probable cause to believe the particular personal luggage contains contraband. In *Sanders,* as in *United States v. Chadwick,* 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977), the police bided their time and permitted the container to be placed in a vehicle, conceivably so that their search could be justified under *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39

A.L.R. 790 (1925).[1] It could be argued the police thus contrived to create their own exigent circumstances.

In the present case, the trial court specifically found that the officers had no prior information that the contraband would be located in a particular container; their only information was that it was located somewhere in the vehicle. As such they had no independent probable cause to seize a particular object in the vehicle and then, having restricted its mobility, obtain a warrant to search its contents. Clearly, the officers were engaged in a *Carroll*–type search when they opened the trunk and observed the suitcases.

In its efforts to bring this case within the *Sanders* rule, the majority stresses the prior "cursory" examination of the car's interior (for "plain view" evidence, according to one deputy). Thus the majority concludes that by a process of exclusion the probable cause was transferred from the vehicle to the suitcases; a fine legal distinction but one uncalled for by the facts. If *Sanders* is applied to this situation, police would be required to eliminate all possible hiding places and to then obtain warrants to search any closed container(s) which might be a repository for contraband. Such an interpretation would place a cumbersome and undue burden on police activities in legitimately searching a vehicle which they have probable cause to believe contains contraband or other fruits of a crime.

In sum the majority has added yet another dimension to the rules enunciated in *Chadwick* and *Sanders*. Prior to those decisions the cases were legion upholding the search of articles or containers found in the course of a *Carroll*–type search.[2] I would heed the admonition of Chief Justice

---

[1] In *Chadwick* the government abandoned its lower court argument based on the "automobile exception" of *Carroll*.

[2] See for example: *United States v. Tramunti*, 513 F.2d 1087, 1104 (2d Cir.), *cert. denied*, 423 U.S. 832, 46 L. Ed. 2d 50, 96 S. Ct. 54 (1975); *United States v. Anderson*, 500 F.2d 1311 (5th Cir. 1974); *United States v. Soriano*, 497 F.2d 147 (5th Cir. 1974) (en banc), *reaffirmed without published opinion sub nom. United States v. Aviles*, 535 F.2d 658 (1976); *United States v. Stevie*, 578 F.2d 204 (8th Cir. 1977), *reversed en banc*, 582 F.2d 1175 (8th Cir. 1978). *See also United*

Burger, the author of *Chadwick,* concurring in the result of *Sanders,* 442 U.S. at 767–68, when he states:

> [*Sanders*] simply does not present the question of whether a warrant is required before opening luggage when the police have probable cause to believe contraband is located *somewhere* in the vehicle, but when they do *not* know whether, for example, it is inside a piece of luggage in the trunk, in the glove compartment, or concealed in some part of the car's structure.[3] I am not sure whether that would be a stronger or weaker case for requiring a warrant to search the suitcase when a warrantless search of the automobile is otherwise permissible. *But it seems to me it would be better to await a case in which the question must be decided.*

(Last italics mine.) Additionally, history has already proven the prescience of Justice Blackmun, who warns in his dissent at 442 U.S. page 772:

> The problems of distinguishing between "luggage" and "some integral part of the automobile," [*Sanders,* at 763]; between luggage that is within the "immediate control" of the arrestee and luggage that is not; and between "personal luggage" and other "containers and packages" such as those most curiously described [*Sanders,* at 764 n.13] will be legion.[4] The lines that will be drawn will

---

*States v. Finnegan,* 568 F.2d 637 (9th Cir. 1977) (sustaining immediate search of suitcase removed from an automobile despite argument that *Chadwick* mandated opposite result).

[3]The trial court found:

"Deputy Davidson, from his prior training and experience of fifteen (15) years as a law enforcement officer, knew that Marihuana is transported inside paper bags, spare tires, inside tires on a vehicle, under the seats of vehicles, inside the upholstery of vehicles, in hollowed areas of the frame of vehicles, in false compartments in the fenders or bumpers of vehicles, in suitcases carried in vehicles, in the glove compartment of vehicles, in the doors of vehicles, and in other spaces or containers."

[4]See for example: *Liichow v. Maryland,* 288 Md. 502, 419 A.2d 1041 (Ct. App. 1980) (translucent plastic bag); *United States v. Markland,* 635 F.2d 174 (2d Cir. 1980) (plastic thermal beverage bag); *United States v. Jimenez,* 626 F.2d 39 (7th Cir. 1980) (paper bag); *United States v. Benson,* 631 F.2d 1336 (8th Cir. 1980) (tote bag); *Hinkel v. Anchorage,* 618 P.2d 1069 (Alaska 1980) (purse); *People v. George,* 110 Cal. App. 3d 528, 168 Cal. Rptr. 44 (1980) (vest pocket).

not make much sense in terms of the policies of the Fourth and Fourteenth Amendments. And the heightened possibilities for error will mean that many convictions will be overturned, highly relevant evidence again will be excluded, and guilty persons will be set free in return for little apparent gain in precise and clearly understood constitutional analysis.

I must say I subscribe to the view of Justice Blackmun that:

> . . . it would be better to adopt a clear–cut rule to the effect that a warrant should not be required to seize and search any personal property found in an automobile that may in turn be seized and searched without a warrant pursuant to *Carroll* and *Chambers*. . . . Such an approach would simplify the constitutional law of criminal procedure without seriously derogating from the values protected by the Fourth Amendment's prohibition of unreasonable searches and seizures.

*Sanders,* 442 U.S. at 772.

In conclusion, however, I submit that neither *Chadwick* nor *Sanders* governs the present case and this court should await a decision which does before affirming a suppression of the suitcase contents.

Reconsideration denied May 13, 1981.