[No. 4841–8–II.   Division Two.   July 19, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. RUSSELL
J. RINGER, *Appellant.*

*Jill Salmi,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *James Buckley* and *John Bumford, Deputies,* for respondent.

REED, C.J.—Russell J. Ringer appeals his convictions of unlawful possession of various controlled substances. We affirm.

Ringer was arrested by state troopers at a rest area on Interstate 5 on an outstanding warrant for a drug–related felony. Based on this and a strong odor of marijuana emanating from defendant's van, the troopers proceeded to search the van. Two unlocked, closed suitcases, a briefcase, a leather case and a clear plastic "baggie" were found to contain marijuana, cocaine, psilocybin mushrooms and drug paraphernalia.

Defendant's challenge to the trial court's refusal to sup-

press is based primarily on *United States v. Chadwick,* 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977); *Arkansas v. Sanders,* 442 U.S. 753, 61 L. Ed. 2d 235, 99 S. Ct. 2586 (1979); and *State v. Shoemaker,* 28 Wn. App. 787, 626 P.2d 538 (1981) (Reed, C.J., dissenting). Those cases held that officers had no right, under the circumstances there presented, to search closed containers, albeit they were found in a movable vehicle. Ringer also puts great store in *Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969), and *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971), arguing that, once he had been removed from the van to a patrol car, the contents of the van were beyond his "leap and lunge" area and could not be searched incident to his arrest. *But see New York v. Belton,* 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981).

■ Defendant's Fourth Amendment contentions must all come to naught, however, because of the recent decision in *United States v. Ross,* ⎯ U.S. ⎯, 72 L. Ed. 2d 572, 102 S. Ct. 2157 (1982), which permits container searches such as defendant experienced under the rationale of *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925).

> The Court in *Carroll* did not explicitly address the scope of the search that is permissible. In this case, we consider the extent to which police officers—who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it—may conduct a probing search of compartments and containers within the vehicle whose contents are not in plain view. We hold that they may conduct a search of the vehicle that is as thorough as a magistrate could authorize in a warrant "particularly describing the place to be searched."

(Footnotes omitted.) *Ross,* ⎯ U.S. at ⎯, 102 S. Ct. at 2159. Because such a warrant would support a search of every part of the vehicle and those things within it that might contain the contraband, the probing search into the aforementioned containers did not violate defendant's

Fourth Amendment rights.

Defendant asks us to apply a state constitutional analysis such as was done in *State v. Simpson,* 95 Wn.2d 170, 622 P.2d 1199 (1980). *Simpson* interpreted our constitutional article 1, section 7 to provide a higher degree of protection than does the Fourth Amendment in terms of the "automatic standing" rule in search and seizure cases. Because neither *Simpson* nor any other Washington Supreme Court case has held that article 1, section 7 offers a higher degree of protection in the context of a warrantless, "automobile exception" search, we decline to accept defendant's invitation.

Moreover, we note that only four justices in *Simpson* agreed with the plurality's analysis. And in dissent, Justice Horowitz states that

[t]he majority does not explain why this state provision was subjected to interpretation identical to that given the Fourth Amendment during the first 91 years of its existence in our state constitution.

*Simpson,* at 197. With these observations in mind, we interpret the federal and state search and seizure requirements identically in the case before us.

Affirmed.

WORSWICK and SWANSON, JJ., concur.

Reconsideration denied August 25, 1982.

Review granted by Supreme Court November 22, 1982.