[No. 21898–1–I. Division One. January 3, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL P. SLATTERY, *Appellant.*

*David Allen, Richard Hansen, Donald Roistacher,* and *Allen & Hansen, P.S.,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy M. Blood, Deputy,* for respondent.

COLEMAN, C.J.—Michael Slattery appeals from an order denying his motion to suppress evidence found after school officials searched his car, arguing that the warrantless search was unconstitutional under both the United States and Washington Constitutions and that no exceptions to the warrant requirement existed to justify the search. We affirm.

On February 26, 1987, a student contacted Vice–Principal Sterling Thurston in his office at Thomas Jefferson

High School. The student told Thurston that Mike Slattery was selling marijuana in the parking lot. Thurston believed the information to be reliable because of his past experience with the informant and because he had received other reports that Slattery was involved with drugs.

Thurston called Slattery into his office and asked him to empty his pockets. Slattery was carrying $230 cash in small bills and a piece of paper with a telephone pager number on it. Thurston recently had learned that pagers are often used by drug dealers. Thurston then called security. A security officer searched Slattery's locker, but found nothing. When Thurston told Slattery that they would have to search his car, Slattery refused. One of the security officers told Slattery that they would get into his car one way or another. After speaking to his mother on the telephone, Slattery gave the officials his keys.

The officials found a pager and a notebook inside the car. The notebook had names with dollar amounts written next to the names. The officials then opened the locked trunk of the car. Inside they found a locked briefcase. Slattery first said that he did not know who owned the briefcase, then said a friend owned it and that he did not know the combination. The security officers then pried open the briefcase and discovered what turned out to be 80.2 grams of marijuana. The police were called and Slattery was arrested.

Slattery was charged by information with possession with intent to deliver marijuana. His motion to suppress the evidence found in the briefcase was denied on December 1, 1987. Slattery was found guilty at a trial on stipulated facts on December 16, 1987.

We first consider whether the magistrate erred when he found that the school officials had reasonable grounds to search appellant and his locker, car, and locked briefcase.

The fourth amendment to the United States Constitution and the Washington Constitution, article 1, section 7,

protects persons from unreasonable searches and seizures.[1] Government agents, therefore, must have a search warrant unless some other condition justifies a warrantless search. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *see State v. McKinnon,* 88 Wn.2d 75, 79, 558 P.2d 781 (1977). When, as here, school officials are acting under the authority of the State, Fourth Amendment and Const. art. 1, § 7 protections apply. *Kuehn v. Renton Sch. Dist. 403,* 103 Wn.2d 594, 600, 694 P.2d 1078 (1985). Some of the conditions that have been used to justify exceptions to the warrant requirement are (1) searches incident to arrest, *Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969); *State v. Boyce,* 52 Wn. App. 274, 277, 758 P.2d 1017 (1988), (2) exigent circumstances, *State v. Shoemaker,* 28 Wn. App. 787, 791–92, 626 P.2d 538 (1981), and (3) searches of students conducted by school authorities, *New Jersey v. T.L.O.,* 469 U.S. 325, 83 L. Ed. 2d 720, 105 S. Ct. 733 (1985); *State v. Brooks,* 43 Wn. App. 560, 718 P.2d 837 (1986). The school search exception applies in this case.

██ Under the school search exception, school officials may search students if, under all the circumstances, the search is reasonable. *T.L.O.,* at 341; *Brooks,* at 564, 568. Whether a search is reasonable depends upon the satisfaction of two criteria. First, the action must have been justified at its inception. *Brooks,* at 564, citing *T.L.O.,* at 341–43. Second, the search conducted must have been reasonably related in scope to the circumstances that justified the

---

[1] The fourth amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Article 1, section 7 of the Washington Constitution states that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law."

interference in the first place. *Brooks,* at 564, citing *T.L.O.,* at 341–43. The rationale for the school search exception is that school teachers and administrators have a substantial interest "in maintaining discipline in the classroom and on school grounds", which weighs against a child's interest in privacy. *T.L.O.,* at 339; *see also State v. Brooks, supra.*

Appellant concedes that it may have been reasonable to search him and his locker, but argues that it was unreasonable to extend the search to his car and the locked briefcase in the car. The school search exception is a limited one, appellant argues, and applies only to unintrusive searches, such as of a school locker.

The only Washington case to apply the school search exception since the United States Supreme Court's opinion in *T.L.O.* is the *Brooks* case.[2] The facts in *Brooks* are similar to the facts in the case before us. A vice–principal received information that a student, Brooks, was selling marijuana out of a blue metal box located in a particular locker at school. The vice–principal had reason to believe that Brooks was a drug user. School officials went to the locker and found a locked, blue metal box. They summoned Brooks and asked him to open the box. When he refused to open it, they threatened to call the police. Brooks opened the box and inside were hallucinogenic mushrooms. He admitted that he had been selling the mushrooms to other students. Brooks was arrested and charged with possession and intent to deliver mushrooms in violation of the Uniform Controlled Substances Act (RCW 69.50.401(a)). He moved to suppress the mushrooms, arguing that the search was illegal. The motion was denied and Brooks was convicted.

This court found that the search was valid under both the Fourth Amendment and Const. art. 1, § 7. First, the

---

[2]Subsequent to the preparation of this opinion, Division Three applied the school search exception in *State v. Sweeney,* 56 Wn. App. 42, 782 P.2d 562 (1989). *Sweeney* is clearly distinguishable.

court found that the search met the test enunciated by the Supreme Court in *T.L.O. State v. Brooks, supra.*

■ The *Brooks* court then considered whether a more demanding standard was required under Washington's Constitution. Brooks argued that the Washington Supreme Court required a higher standard to be met because the court in *McKinnon,* which was decided before *T.L.O.,* had enunciated factors to consider to determine if school officials had reasonable grounds to search a child. The Washington Supreme Court, however, rejected the assertion that a higher standard was required under Const. art. 1, § 7. A school official need have only "reasonable grounds" to validly conduct a search under both the United States and Washington Constitutions. Nevertheless, the *Brooks* court adopted the *McKinnon* factors for determining if school officials had reasonable grounds to search. *Brooks,* at 567. Those factors are as follows:

> the child's age, history, and school record, the prevalence and seriousness of the problem in the school to which the search was directed, the exigency to make the search without delay, and the probative value and reliability of the information used as a justification for the search.

*Brooks,* at 567–68. The search in *Brooks* was found to be valid after applying the *McKinnon* factors and Brooks' conviction was affirmed.

The *McKinnon* factors support a finding that the search in this case was reasonable. The vice–principal was told that appellant, who was nearly 18 years old, was selling marijuana in the parking lot. The vice–principal had reason to believe the information, based upon his past experience with the informant and reports the vice–principal had received earlier from others that appellant was involved with drugs. Appellant was carrying a large amount of money in small bills and a pager number that reasonably could lead the principal to expect to find drugs in appellant's possession. Drug use was a serious, ongoing problem at the school. School officials were confronted with exigent circumstances that warranted an immediate search because

Slattery or a friend could have removed his car from the school grounds.

When the school officials did not find any drugs on Slattery or in his locker, they logically went outside to search his car, which was parked in the school parking lot where the informant had said Slattery had been selling marijuana. The officials found a notebook with names and dollar amounts next to the names and a telephone pager—then the officials found a locked briefcase.

■ The school officials' initial search of Slattery's person was justified at its inception. They had reasonable grounds for suspecting that the search of Slattery would turn up evidence that he had violated the law. The searches of Slattery's locker, car, and briefcase were reasonably related in scope to the circumstances which justified the interference in the first place. To limit the school search exception to a search of a student's body or his locker would be anomalous in light of the rationales of *T.L.O.*, *State v. McKinnon*, 88 Wn.2d 75, 79, 558 P.2d 781 (1977), and *Brooks*.

In light of our disposition, it is not necessary for us to discuss appellant's remaining contentions.

The judgment and sentence of the trial court is affirmed.

SWANSON and FORREST, JJ., concur.

Review denied at 114 Wn.2d 1015 (1990).