[No. 1719-3.   Division Three.   November 4, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. MONTE F. STEVENSON, SR., *Appellant*.

*Richard B. Price, Michael D. Howe,* and *Nansen & Price,* for appellant.

*Michael R. Tabler, Prosecuting Attorney,* for respondent.

SMITH, J.*—Defendant, Monte F. Stevenson, appeals from a conviction of two counts of rape, both acts allegedly occurring during the early morning hours of April 17, 1975, and involving the same complaining witness.

Error is assigned to (1) the admission of evidence concerning a prior conviction; (2) the denial of a motion for new trial based on newly discovered impeaching evidence; (3) the exclusion of evidence concerning a prior rape of the complaining witness; (4) misconduct of the prosecutor in referring to a knife not admitted in evidence; and (5) a claimed lack of competent legal representation at trial.

Defendant, the complaining witness (Carolyn), and several others were playing cards at the home of a mutual acquaintance. During the course of the evening, defendant was overheard to say that he "could get away with raping anybody's old lady." He made several passes at Carolyn, finally suggesting to her that if she would go to his van with him for sex she could sell "dope" for him. Carolyn testified that she declined the offer of sex, but defendant was still willing to sell her the drugs. They went to his van for the purpose of driving to where the drugs were located; but, according to Carolyn, defendant drove her to a remote area and insisted on intercourse, brutally forcing himself on her when she refused. He returned her to the area of the home an hour and a half later. She was crying, bruised, bleeding from the nose, and immediately complained that defendant had raped her. Medical tests revealed recent sexual intercourse.

Defendant denied having sexual relations with Carolyn, forceful or otherwise. He testified that she willingly accom-

---

*Judge Del Cary Smith, Jr., is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

panied him for the purpose of sex and drug dealing. He explained Carolyn's physical condition as follows:

> And she says, "Are you ready [for sex]?" or something like that. And I said, "I don't think I can, because I'm too drunk." And she pulled a knife out and she said, "Well, you're not ripping me off like so and so did."

Q And how did you respond to that?
A I hit her, the knife dropped on to the little console that sits between the seats.
Q Do you recall where you hit her?
A Well, I'm not sure whether it was in the throat or across the bridge of the nose.

Defendant first maintains that evidence concerning a prior Oregon conviction was improperly admitted. Specifically, he argues that the state failed to establish that he was represented by counsel when he pleaded guilty to that offense, that the copy of the judgment referred to an amended indictment (thus inferring a reduction from a more serious charge), and that the prosecutor improperly brought out the fact that the minor was a female. We disagree.

The judgment recited that defendant appeared with his court-appointed attorney at the sentencing hearing. This is sufficient proof that defendant was represented by counsel at the earlier guilty plea. The claimed error does not involve the silent record condemned in *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967). It is more akin to *State v. Alexander*, 10 Wn. App. 942, 521 P.2d 57 (1974), where a listing of counsel on the file jacket was determined to be sufficient proof of counsel. Moreover, the record of conviction was virtually stipulated into evidence when defense counsel, prior to the identification and offer of the exhibit, advised the court that he had no objection to its admission.

The alleged error concerning the reference to an amended indictment is likewise without merit. *State v. Butler*, 9 Wn. App. 347, 513 P.2d 67 (1973), cited by defendant, is clearly distinguishable. In that case the prosecu-

tor specifically inquired as to whether the defendant had been convicted of the misdemeanor of loitering "that had been reduced from burglary." Here, there was no suggestion to the jury that the original indictment charged a more serious crime. Indictments are amended for a multitude of reasons. Moreover, defense counsel participated in the admission of the exhibit. If an exhibit allegedly contains improper matters, an objection must be made to the trial court to be considered on appeal. *State v. Craig,* 82 Wn.2d 777, 514 P.2d 151 (1973).

The remaining alleged error regarding the prior conviction arises from the following question asked by the prosecutor after the admission of the judgment of conviction:

> Q. Mr. Stevenson, is it not true that you have been convicted of a felony offense in the State of Oregon, dealing with the contributing to the delinquency *of a minor girl?*

(Italics ours.) Defendant objected that the reference to gender went beyond that properly admissible for impeachment. The prosecutor advised the trial court that he had just learned by telephone that the amended indictment did reflect the sex of the victim, but that he only had the original indictment in his possession at that time. The court sustained the defense objection but denied a motion for mistrial. No request was made that the jury be instructed to disregard the question. On redirect, defendant was permitted to bring out the following:

> Q And what was that crime? A Contributing to delinquency of a minor by alcohol. Q How many months did you serve? A 18 months.

We find no error in the denial of the motion for mistrial. A witness may be examined as to any matter the record of conviction will show. *State v. Brewster,* 75 Wn.2d 137, 449 P.2d 685 (1969). An indictment or information is an indispensable part of the record. *State v. Dickey,* 181 Wash. 249, 42 P.2d 790 (1935). Thus, a witness may be cross-examined concerning the contents of the indictment or information upon which the conviction was based. The

prosecutor need not have the record of conviction before him to inquire into such matters, although he does take a risk of reversible error should he be unable to substantiate his accusations in the face of defendant's denial. *State v. Martz*, 8 Wn. App. 192, 504 P.2d 1174 (1973). Here, however, there was no denial of the conviction and no claim by defendant that the prosecutor's statement concerning the contents of the amended indictment was incorrect. The motion for mistrial was correctly denied.

▪ ██ Defendant assigns error to the failure of the court to grant his motion for new trial because of newly discovered evidence. That evidence consisted of a witness who stated that he overheard Carolyn make a prior inconsistent statement, *i.e.*, that she did not hear defendant say he could rape a woman and get away with it. The trial court correctly denied the motion. Other witnesses testified to overhearing defendant make the same remark. Carolyn's testimony was thus cumulative, the refutation of which would hardly affect the result of the trial. In any event, a new trial should not be granted on the basis of an affidavit which merely impeaches a witness. *Donovick v. Anthony*, 60 Wn.2d 254, 373 P.2d 488 (1962); *Selah v. Waldbauer*, 11 Wn. App. 749, 525 P.2d 262 (1974). Further, the only affidavit of newly discovered evidence in the record on appeal does not disclose that affiant actually overheard Carolyn make the alleged inconsistent statement. Matters referred to in the brief but not included in the record cannot be considered on appeal. *State v. Day*, 7 Wn. App. 965, 503 P.2d 1098 (1972).

Defendant contends the court erred in excluding evidence of a prior rape of Carolyn. He concedes that this evidence is inadmissible if offered to show prior sexual misconduct, but urges that such testimony is relevant to support his argument that it would be illogical for Carolyn to leave with him in view of his alleged boasting about rape. We disagree.

██ Evidence is relevant when it in some way advances the inquiry, that is, it tends to establish the inference for

which it is offered. Yet not all relevant evidence is admissible, for a trial judge must measure probative values against probative dangers. If the tendency of the offered evidence to mislead, distract, or confuse the issues counterbalances its probative value, the trial judge has discretion to exclude it. *State v. Franks*, 7 Wn. App. 594, 501 P.2d 622 (1972). The principle is stated as follows:

> Relevant evidence, then, is evidence that in some degree advances the inquiry, and thus has probative value, and is prima facie admissible. But relevance is not always enough. There may remain the question, is its value worth what it costs? There are several counterbalancing factors which may move the court to exclude relevant evidence if they outweigh its probative value. In order of their importance, they are these. First, the danger that the facts offered may unduly arouse the jury's emotions of prejudice, hostility or sympathy. Second, the probability that the proof and the answering evidence that it provokes may create a side issue that will unduly distract the jury from the main issues. Third, the likelihood that the evidence offered and the counter proof will consume an undue amount of time. Fourth, the danger of unfair surprise to the opponent when, having no reasonable ground to anticipate this development of the proof, he would be unprepared to meet it.

E. Cleary, *McCormick's Handbook of the Law of Evidence* § 185, at 438-40 (2d ed. 1972). Measured by the above standards, we find no abuse of discretion.

Defendant next contends that a reference by the prosecutor in his final argument to a knife not admitted in evidence was prejudicial misconduct. The record on appeal lacks a transcript of the argument, as well as the affidavit which defense counsel apparently filed describing the incident. There is, however, an admission by the prosecutor made while arguing the motion for new trial that he did touch the knife, spinning it around where it lay upon a table. He asserts that it was an unconscious, unintentional act. Defense counsel made no objection during the closing argument. The argument on the motion for new trial further reveals that the knife had been produced by the de-

fendant when he came to the prosecutor's office to discuss the incident. The prosecutor states he brought it to court to avoid any possible claim that it was being hidden. Neither party had it identified nor offered it in evidence.

Misconduct in the form of improper argument cannot be urged as error unless the aggrieved party has requested the trial court to correct it by instructing the jury to disregard it, except where the misconduct was so flagrant that no instruction would have cured it. *State v. Brown*, 74 Wn.2d 799, 447 P.2d 82 (1968); *State v. Jacobsen*, 74 Wn.2d 36, 442 P.2d 629 (1968).

The claimed misconduct was not so flagrant that it could not have been cured. It may have been otherwise if it was alleged that defendant had used a knife. However, defendant claimed it was Carolyn who threatened him with the knife. It is difficult to see how this limited reference to a knife would prejudice defendant, it being corroborative of his testimony. Moreover, if the knife was produced by defendant, as the record indicates, it would have been admissible at the request of either party.

Finally, defendant urges that he was not afforded competent trial counsel. We have reviewed the record and find nothing to support this contention. The criticisms made by defendant's counsel on appeal relate more to strategy and style than to actual capability and performance.

The judgment is affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied December 16, 1976.

Review denied by Supreme Court May 3, 1977.