[No. 9883-7-I. Division One. August 4, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. GLENFORD J. QUARING, *Appellant.*

*Elizabeth Selleck* of *Washington Appellate Defender Association,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Asa Glazer, Deputy,* for respondent.

WILLIAMS, J.—Glenford Quaring was accused by information of second degree burglary and possession of marijuana. The latter charge was dismissed, and Quaring was found guilty, in a trial to the court with a jury, of second degree burglary. He appeals, raising issues concerning the trial court's refusal to suppress evidence and the presence of a convicted felon on the jury. We affirm.

During the early morning hours of September 12, 1980, Deputies Frantzen and Maras of the Snohomish County Sheriffs Department responded to a burglary–in–progress call at a residence in a mobile home park. Deputy Maras proceeded to the residence with Deputy Frantzen searching the area for suspects. Frantzen saw a car, with its lights out, leaving the mobile home park on the main access road. As

the car passed Frantzen's patrol car, its lights came on and Frantzen followed it to an area just outside the mobile home park where the car pulled off to the side of the road and stopped. Deputy Frantzen approached the car to question the driver, Quaring, about his identity and activities.

In response to a question about where he had been, Quaring stated he had just dropped someone off somewhere in the area, he was not just sure where, and had pulled off the road because he felt sleepy. Because Quaring's answers were vague, a burglary in the area had just been reported, it was the middle of the night, and Quaring had just left the park in an automobile with the lights out, Deputy Frantzen asked him to step out of the car. Quaring and Deputy Frantzen were joined shortly by Deputy Maras, and Quaring then asked for his jacket from the car and was told that it would have to be searched first. He made no objection and a roll of quarters was found in a pocket. Because Deputy Maras had reported that a roll of quarters was missing from the residence, Quaring was placed under arrest and advised of his rights. A prescription bottle taken from the residence was subsequently seized from his car.

Quaring first claims the trial court erred in refusing to suppress the roll of quarters and the prescription bottle. He argues that he was illegally arrested, without probable cause, at the moment he was first stopped and that the evidence seized thereafter must be suppressed. We do not agree.

Quaring was not initially placed under arrest; he was detained for investigative purposes. *State v. Wakeley,* 29 Wn. App. 238, 240, 628 P.2d 835, *review denied,* 95 Wn.2d 1032 (1981). As stated in *State v. Gluck,* 83 Wn.2d 424, 518 P.2d 703 (1974):

> [W]here officers entertain a well–founded suspicion not amounting to probable cause, they may stop the suspected person, identify themselves and require the suspect to identify himself and explain his activity without being adjudged to have made a formal arrest.

*Gluck,* at 426. The circumstances of this case support the

deputy's "well–founded suspicion" and justified his decision to stop Quaring. Thus, the investigative stop of Quaring's automobile was proper, and the court correctly refused to suppress the evidence as the fruit of an illegal arrest.

 Quaring next argues that the roll of quarters, seized when Deputy Maras searched his jacket, must be suppressed, because the search was conducted without a warrant and Quaring did not consent to it. Quaring requested the jacket and Deputy Maras told him it would be searched before it was given to him. There was no need to obtain a warrant, or Quaring's consent in these circumstances, because the deputy had a reasonable concern that the jacket might contain a weapon, the roll of quarters having a heavy "weapon–like" feel. The deputy was within his authority to remove the roll before giving the jacket to Quaring. *Terry v. Ohio,* 392 U.S. 1, 26–30, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). The trial court did not err.

 Quaring next contends the prescription bottle, seized from his car after he was placed under arrest, must be suppressed because no warrant was obtained to search the car. *State v. Keyser,* 29 Wn. App. 120, 627 P.2d 978 (1981). This question was decided, adversely to Quaring, by the United States Supreme Court in *New York v. Belton,* 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981) wherein it was stated:

> [W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

(Footnotes omitted.) *Belton,* at 460. *Accord, United States v. Ross,* __ U.S. __, 72 L. Ed. 2d 572, 102 S. Ct. 2157 (1982) (where police have probable cause to believe automobile contains contraband the entire car and all containers inside may be lawfully searched); *State v. Callahan,* 31 Wn. App. 710, 644 P.2d 735 (1982) (Washington State Constitution coextensive with Fourth Amendment insofar as automobile interior searches are concerned). The trial court correctly refused to suppress the prescription bottle

seized from the car incident to Quaring's arrest.

Finally, Quaring claims that he should be granted a new trial because one of the jurors was a felon. There is a motion and affidavit of defense counsel in the record on appeal to that effect but nothing else. Because the motion was filed after the Notice of Appeal, RAP 7.2(e) controls the procedure to be followed. That rule provides:

> The decision granting or denying a post–judgment motion may be subject to review. A party may only obtain review of the decision on the post–judgment motion by initiating a separate review in the manner and within the time provided by these rules.

No such review has been initiated, consequently this court has no jurisdiction to consider the motion and affidavit and the order entered thereon, if any.

Affirmed.

ANDERSEN, C.J., and JAMES, J., concur.