[No. 4755–5–III.   Division Three.   November 23, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. CHARLES R. ALEXANDER, *Respondent.*

*Curtis Ludwig, Prosecuting Attorney,* and *Ray R. Whitlow, Deputy,* for appellant.

*Larry Ziegler* and *Cowan, Walker, Jonson & Moore,* for respondent.

MUNSON, J.—The State appeals the Benton County Superior Court's order suppressing evidence seized in a warrantless search of a vehicle. We reverse.

Officers of the Richland Police Department observed a

van off the road at an intersection. The driver of the van, Mr. Alexander, was placed under arrest for driving while intoxicated. His passenger, who was also intoxicated, was arrested for lewd conduct. Both men were transported to the police station. One of the officers proceeded to secure the van. He went to the driver's door, took the keys from the ignition, and locked the door. He then went around to the passenger door, rolled the window up and pushed the lock button down; before shutting the door, he observed a small pipe lying on the dashboard which from his training and experience he believed to be the type commonly used to smoke marijuana. In reaching for the pipe, he stepped up into the cab. From that vantage point, he observed on the floor in front of the driver's seat a clear plastic bag containing green vegetable matter. As he reached to pick up the bag, he observed an unzipped green shoulder bag. It is disputed whether a large white plastic bag, with green stems sticking out of the various holes in it, located in the shoulder bag was exposed to his view. The officers then seized the pipe, the clear plastic bag and the green zippered bag containing the white plastic bag.

Mr. Alexander was charged with unlawful possession of a controlled substance, over 40 grams of marijuana. He moved to suppress the evidence seized. His motion was granted, and the court entered a special finding that the suppression of the evidence effectively terminated the ability of the State to prove the charge alleged. RAP 2.2(b)(2). The State appeals.

The sole issue is whether the warrantless seizure of the contraband from Mr. Alexander's van falls within either the plain view or automobile inventory search exceptions to the Fourth Amendment warrant requirement.

■ The Fourth Amendment protects the privacy and security of persons in two ways: it guarantees the right of the people against unreasonable searches and seizures and requires searches of private property to be performed pursuant to a search warrant. *Mincey v. Arizona,* 437 U.S. 385, 390, 57 L. Ed. 2d 290, 98 S. Ct. 2408 (1978); *United States*

*v. Chadwick,* 433 U.S. 1, 9, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977). The touchstone of any search and seizure question is whether the officers' conduct was reasonable under the circumstances. *Pennsylvania v. Mimms,* 434 U.S. 106, 54 L. Ed. 2d 331, 98 S. Ct. 330 (1977); *Cady v. Dombrowski,* 413 U.S. 433, 439, 37 L. Ed. 2d 706, 93 S. Ct. 2523 (1973). Whether a particular action is reasonable depends upon a balancing of the interests involved, *i.e.,* the need to search against the resulting intrusion. *Camara v. Municipal Court,* 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727 (1967); *State v. Webster,* 20 Wn. App. 128, 136, 579 P.2d 985 (1978).

■ The cornerstone of the plain view exception to the warrant requirement is *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971), where the Supreme Court stated at page 466:

> What the "plain view" cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the "plain view" doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges.

Application of the plain view doctrine requires: (1) prior justification for the police intrusion, *i.e.,* the police were in a place they had a lawful right to be, *Washington v. Chrisman,* 455 U.S. 1, 70 L. Ed. 2d 778, 784, 102 S. Ct. 812 (1982); *State v. Seagull,* 95 Wn.2d 898, 901–02, 632 P.2d 44 (1981); *State v. Lair,* 95 Wn.2d 706, 716, 630 P.2d 427 (1981); (2) an inadvertent discovery of incriminating evidence; and (3) immediate knowledge by the police they have evidence before them. *Coolidge v. New Hampshire,*

*supra; State v. Lair, supra; State v. Daugherty,* 94 Wn.2d 263, 267–68, 616 P.2d 649 (1980).

■ The first requirement can be met under these facts on two bases:

■ [A] person has a diminished expectation of privacy in the visible contents of an automobile parked in a public place. *United States v. Chadwick, supra* 433 U.S. at 12–13; *South Dakota v. Opperman,* 428 U.S. 364, 367–68, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976). . . . [2] It has been held that a policeman who looks into a car parked in a public place and observes what is exposed to open view is not even conducting a "search" in the constitutional sense. *Cook v. Commonwealth,* 216 Va. 71, 74–75, 216 S.E.2d 48, 50 (1975).

(Citation omitted.) *State v. Young,* 28 Wn. App. 412, 416, 624 P.2d 725, *review denied,* 95 Wn.2d 1024 (1981). Other Washington cases have applied the plain view doctrine to allow a police officer who has lawfully stopped a vehicle and observed contraband in it to seize such evidence and search the entire vehicle. *State v. Regan,* 76 Wn.2d 331, 457 P.2d 1016 (1969); *State v. Brooks,* 57 Wn.2d 422, 426–27, 357 P.2d 735 (1960); *State v. Cagle,* 5 Wn. App. 644, 657, 490 P.2d 123, *review denied,* 80 Wn.2d 1003 (1971); *see also Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968). Here, the van was parked in a public place and the officer observed the marijuana pipe which was exposed to open view.

However, Mr. Alexander argues the officer was not in a place he had a right to be because he had to step up on the running board or into the cab to see the marijuana. We disagree. Within the automobile exception to the warrant requirement of the Fourth Amendment is the "community caretaking function" exception. *Cady v. Dombrowski,* 413 U.S. at 441. The rationale for this exception is in response to three needs: (1) protection of the owner's property while it remains in police custody; (2) protection of the police against claims or disputes over lost or stolen property; and (3) protection of the police from potential danger. *South Dakota v. Opperman,* 428 U.S. 364, 369, 49 L. Ed. 2d 1000,

96 S. Ct. 3092 (1976); *State v. Gluck,* 83 Wn.2d 424, 518 P.2d 703 (1974); *State v. Davis,* 29 Wn. App. 691, 697, 630 P.2d 938, *review denied,* 96 Wn.2d 1013 (1981).

Here, while in the process of securing the van which was parked in a public place, the police officer observed the marijuana pipe on the dashboard. The securing of the van was an exercise of the police's community caretaking function as it was done to protect the owner's property. The officer at that time was in a place he had the right to be. The discovery of the marijuana pipe was inadvertent as there is no evidence the officer expected contraband to be in the vehicle. Upon seeing the pipe, he immediately knew from his past experience as an officer the pipe was criminal evidence. Therefore, the three requirements of the plain view doctrine are present.

Reversed and remanded for trial.

ROE, A.C.J., and GREEN, J., concur.

Reconsideration denied December 14, 1982.