[No. 12133–2–I.   Division One.   January 23, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. MORRY DANIEL HENRY, *Appellant.*

*David R. Wohl* and *Eric Nielsen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney, Jennifer Eychaner, Deputy,* and *Lee Rees, Legal Intern,* for respondent.

SCHOLFIELD, J.—Morry Daniel Henry appeals his conviction for possession of a controlled substance with intent to deliver, RCW 69.50.401(a), alleging error in admission of evidence of guns seized in his apartment and error in exclusion of prior testimony of a witness. We affirm admission of the guns and reverse the ruling excluding the prior testimony.

Pursuant to a search warrant issued on the basis of an informant's statements that he had seen a large quantity of cocaine in Henry's house, Seattle police officers searched his residence. The warrant authorized police to search for and seize cocaine, other controlled substances, and drug paraphernalia. The search yielded several grams of cocaine, drug paraphernalia, and six firearms, at least four of which

were loaded. Henry and an acquaintance, Richey, were arrested in the house. Officers testified that Henry admitted using cocaine on occasion, but he denied being a dealer. At trial, the judge denied Henry's motions to suppress evidence of the guns.

Richey pleaded guilty to the lesser charge of possession of a controlled substance. At a pretrial hearing on Henry's motion to disclose the identity of the police informant, Richey testified that all of the cocaine in the house belonged to him rather than to Henry. When called to testify at Henry's trial, Richey invoked his privilege against self–incrimination, refusing to answer any questions concerning any matters other than the cocaine found on his person. The trial judge sustained his claim of privilege. Henry testified the cocaine was not his and that other persons had been living in his house while he was out of town.

Henry alleges the trial judge erred in admitting evidence of the guns. He contends that because there was no mention of guns in the search warrant, their seizure was illegal. The trial judge found that the guns were admissible under the "plain view" exception to the warrant requirement. We agree.

The requirements of the "plain view" exception are: (1) a prior justification for police intrusion, (2) an inadvertent discovery of incriminating evidence, and (3) immediate knowledge of the police that they have evidence before them. *State v. Daugherty,* 94 Wn.2d 263, 267, 616 P.2d 649 (1980), *cert. denied,* 450 U.S. 958 (1981); *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971).

■ It was undisputed that the officers discovered the guns while lawfully executing a search warrant for drugs; therefore, the first issue is whether the discovery was inadvertent. Henry contends that because one officer testified at trial that he was searching for weapons as well as drugs, the discovery of the guns could not have been inadvertent. Apparently, the officers had learned from their informant that Henry was heavily armed. This knowledge, however,

does not preclude application of the plain view doctrine.

This court in *State v. Callahan,* 31 Wn. App. 710, 712, 644 P.2d 735 (1982) defined the term "inadvertent":

> [T]he term "inadvertent," in the context of the plain view doctrine, simply means that the officer discovered the evidence while in a position that does not infringe upon any reasonable expectation of privacy, and did not take any further unreasonable steps to find the evidence from that position.

According to this definition, the actions of the officers were "inadvertent". They were searching for drugs in places likely to conceal drugs and found the guns in those places, *e.g.,* drawers, closets, and a laundry hamper. Discovery of the guns, in fact, was virtually unavoidable. Henry had no reasonable expectation of privacy in those places in the face of a lawful search warrant, and the officers did not take any further unreasonable steps to find the guns. There is no evidence that the search for drugs was a pretext for searching for guns. *State v. Lair,* 95 Wn.2d 706, 630 P.2d 427 (1981).

The plain view doctrine also requires that it be immediately apparent to the police that they have evidence before them. Were the guns evidence of the crime of possession of drugs with intent to deliver? Henry argues that possession of the guns is irrelevant to the crime charged. We do not agree.

*State v. Proctor,* 12 Wn. App. 274, 529 P.2d 472 (1974) held that both the surrounding circumstances and an officer's prior information are properly considered in determining whether the "immediately apparent" requirement is met. *Proctor,* at 277. This court in *State v. Perry,* 10 Wn. App. 159, 167–68, 516 P.2d 1104 (1973) stated that finding a gun in the defendant's apartment was a "circumstance supportive of the state's charge, permitting the state to argue defendant was a dealer in controlled substances and needed the shotgun for protection in a business not protected by police." Here, the police found six guns, four of them loaded. The guns were incriminating evidence

readily recognizable as such by any competent police officer.

Henry also contends that the prejudicial effect of the guns outweighs their probative value. He cites no authority supporting his contention that the guns themselves are so highly inflammatory as to outweigh their probative value.

■ A trial judge must measure probative values against dangers of unfair prejudice. *State v. Stevenson,* 16 Wn. App. 341, 346, 555 P.2d 1004 (1976). It is within the trial judge's discretion to exclude relevant evidence if the probative value is outweighed by the danger that the facts offered would unduly arouse a jury's emotions of prejudice, hostility or sympathy. *Stevenson,* at 346, quoting E. Cleary, *McCormick on Evidence* § 185, at 438–40 (2d ed. 1972). As discussed above, the guns were relevant evidence of the crime of possession of a controlled substance with intent to deliver. Here, the record reveals the trial judge duly weighed the countervailing factors before allowing admission of the guns. There was no abuse of discretion.

Henry next contends the trial judge erred in excluding codefendant Richey's testimony exculpating Henry. Before trial, Richey had testified under oath that all the cocaine found in the house belonged to him, not to Henry. At trial, Richey refused to testify, claiming his Fifth Amendment privilege against self–incrimination.

Former testimony is admissible as a hearsay exception when the declarant is unavailable and the party against whom the testimony is offered "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." ER 804(b)(1). The State argues that Richey was not unavailable according to the rule because he improperly asserted the privilege, having already pleaded guilty to the crime.

■ Whether Richey properly claimed the privilege is immaterial here. "Unavailability" includes situations in which the declarant is "exempted *by ruling of the court* on the ground of privilege from testifying . . .". (Italics ours.) ER 804(a)(1). When the trial judge made a ruling sustain-

ing the privilege, Richey became unavailable. *See State v. Lee,* 13 Wn. App. 900, 538 P.2d 538 (1975).

The controlling question is whether the State had an "opportunity and similar motive" to develop Richey's testimony at the pretrial hearing as required by ER 804(b)(1). The State strenuously argues that it did not have the same motive for cross–examining Richey before trial that it would have had at trial. We disagree with this assertion.

The informant told police that he had seen drugs in Henry's house. Henry moved to compel disclosure of the identity of the informant to enable him to probe that informant's knowledge about who owned the drugs. The State opposed Henry's motion, seeking to keep the informant's identity confidential.

Cross examination disclosing there was very little an informant could know about ownership of drugs would provide support for a court's refusal to require identification of the informant. Part of such cross examination would involve where the drugs were seen or kept and the person who normally used or occupied that area. Richey's prior testimony reveals the State questioned him about where the discovered cocaine was located and his and Henry's access to and use of those areas.

We conclude that the State had motives and goals in its cross examination of Richey during the pretrial hearing sufficiently similar to its motives and goals in cross examination at trial, that ER 804(b)(1) was not violated, and Richey's former testimony should have been admitted.

The State contends that admitting the prior testimony would be improper according to *State v. Smith,* 15 Wn. App. 103, 547 P.2d 299 (1976). The holding in that case, however, dealt only with the admissibility of prior incriminating statements by the defendant himself. The case is inapposite.

■ The question remains whether the error was harmless. The error is not prejudicial if within reasonable probabilities the outcome of the trial could not have been materially affected by admission of the evidence. *State v.*

*Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). We cannot say that Richey's testimony would not have materially affected the outcome.

Richey's testimony, if accepted by the jury, would have provided Henry with a defense to the charge. The testimony would have been valuable to Henry if it did nothing more than raise a reasonable doubt in the minds of one or more jurors. Richey's testimony would have been the only testimony corroborating Henry's claim that the cocaine did not belong to him. Exclusion of Richey's testimony was prejudicial error, and we reverse on that basis.

DURHAM, C.J., and RINGOLD, J., concur.