[No. 39527-1-I.   Division One.   November 24, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. RAFAEL
M. LASKOWSKI, *Appellant*.

*Shannon B. Marsh* of *Washington Appellate Project*, for
appellant.

*James H. Krider, Prosecuting Attorney*, and *Charles F.
Blackman, Deputy*, for respondent.

BAKER, C.J. — Rafael Laskowski and his companions matched the dispatcher's description of the suspects in a possible vehicle prowl. Because Laskowski appeared nervous and wore a backpack capable of concealing a weapon, and because another youth in the group was known to have a criminal history involving weapons and another was seen to have a live shotgun cartridge in plain view, we hold that the officer reasonably believed that Laskowski was armed and dangerous, justifying a frisk for weapons. And, because Laskowski's backpack was accessible to him and his companions, the patdown of the backpack was within the scope of the lawful frisk.

I

A police officer was dispatched to a potential vehicle prowl in the parking lot of an apartment complex in the late evening. When he arrived, he saw six teens matching the description of the suspects. He asked them to remove their hands from their pockets. Some did not comply until he repeated the request. He approached Laskowski, who appeared nervous answering his questions, wore a backpack, and refused the officer's request to look inside. The officer knew that one of the boys had a criminal history involving weapons. He performed a quick patdown of each of them[1] and saw a live shotgun cartridge in one of the boy's open pocket. He did not pat down the backpack. The officer testified that because the shotgun cartridge heightened his safety concerns, he ordered the boys to form a line, kneel, and place their hands over their heads. He then patted down Laskowski's backpack and felt a long hard object which he believed to be a weapon. He opened the backpack and discovered a loaded sawed-off shotgun.

The juvenile court denied the motion to suppress the sawed-off shotgun. It found Laskowski guilty of unlawful possession of a firearm while under the age of 18, in viola-

---

[1]Laskowski does not challenge the first patdown because nothing was found from it.

tion of RCW 9.41.040. It sentenced him to 10 days detention and 24 hours of community service.

## II

██ ██ Officers can briefly stop and question persons whom they reasonably suspect of criminal activity.[2] When a stop is lawful, officers may perform a protective frisk if they reasonably believe that suspects are armed and dangerous.[3]

The totality of the suspicious circumstances supported the officer's belief that Laskowski was armed and dangerous. We do not agree with Laskowski's argument that he was searched solely due to his proximity to his companions.[4] Here, Laskowski was part of a group reported to be acting suspiciously, and the officer could reasonably consider all facts known or observed about any member of the group. "[A]ny reasonable basis supporting an inference that the investigatee or a companion is armed will justify a protective search for weapons."[5]

This case is similar to *Terry*, where the suspicious conduct of the group "casing" a store for robbery justified a stop and frisk of each member.[6] That officer did not have particularized suspicion distinguishing Terry from the others when the officer frisked him. Laskowski's reliance on *State v. Galbert*[7] is misplaced. There, an officer refrisked a handcuffed person in a house immediately after

---

[2]*State v. Smith*, 102 Wn.2d 449, 452, 688 P.2d 146 (1984); *Terry v. Ohio*, 392 U.S. 1, 20-21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[3]*Smith*, 102 Wn.2d at 452; *United States v. Place*, 462 U.S. 696, 702, 103 S. Ct. 2637, 77 L. Ed. 2d 110 (1983).

[4]*See, e.g., Ybarra v. Illinois*, 444 U.S. 85, 100 S. Ct. 338, 62 L. Ed. 2d 238 (1979) (holding proximity to the premises searched did not justify frisk of customer); *State v. Broadnax*, 98 Wn.2d 289, 654 P.2d 96 (1982) (holding frisk unlawful where defendant was merely present at a searched home).

[5]*State v. Wilkinson*, 56 Wn. App. 812, 818, 785 P.2d 1139, *review denied*, 114 Wn.2d 1015 (1990).

[6]*Terry*, 392 U.S. at 6.

[7]70 Wn. App. 721, 855 P.2d 310 (1993).

the discovery of marijuana near the person. Because the second frisk was not based on a reasonable suspicion that the person was armed and dangerous, the court held it unlawful.[8] Unlike *Galbert,* here there was reasonable suspicion that Laskowski was armed and dangerous.

## III

We reject Laskowski's contention that the officer exceeded the scope of the *Terry* stop by not removing the backpack from Laskowski's reach without patting it down. This court declined to adopt this argument in *State v. Franklin.*[9] It would be unrealistic to require an officer to remove the pack in such a manner that a weapon would not be felt. Moreover, the risk to the officer's safety would continue once the pack was returned to the suspect.

A protective frisk may extend beyond a person to his or her area of immediate control "if there is reasonable suspicion that the suspect is dangerous and may gain access to a weapon."[10] The same interests that justify a limited intrusion for a *Terry* stop allow an intrusion on a person's possessory interests in property in some circumstances.[11] An officer is not restricted to frisking only a suspect's outer clothing, but may pat down articles of clothing not worn by, but closely connected to a suspect, where the officer reasonably believed a weapon was present therein.[12] In *State v. Keyser,*[13] the officer's frisk of a bag underneath the seat in a car was within the scope of a

---

[8]*Galbert,* 70 Wn. App. at 725-26.

[9]41 Wn. App. 409, 414-15, 704 P.2d 666 (1985).

[10]*State v. McIntosh,* 42 Wn. App. 579, 582, 712 P.2d 323, *review denied,* 105 Wn.2d 1015 (1986); *State v. Kennedy,* 107 Wn.2d 1, 12, 726 P.2d 445 (1986); *State v. Dorsey,* 40 Wn. App. 459, 472, 698 P.2d 1109, *review denied,* 104 Wn.2d 1010 (1985).

[11]*Dorsey,* 40 Wn. App. at 472 (citing *Place,* 462 U.S. at 705-06).

[12]*State v. Quaring,* 32 Wn. App. 728, 730, 649 P.2d 173 (1982) (*Terry*-detained suspect asked the officer to retrieve his jacket from car); *see also Franklin,* 41 Wn. App. at 415 (rucksack that suspect admitted contained a gun).

[13]29 Wn. App. 120, 126, 627 P.2d 978 (1981).

*Terry* search. A backpack, worn on Laskowski's back, was within his or his companions' immediate control. It is similar to a bag in a car or an article of clothing, and it presented the same risk to the officer's safety.

The backpack was the only place a shotgun could have been concealed. The officer was reasonably concerned that it might contain a shotgun which Laskowski or any of his companions could access because none of them were restrained during the stop. Given the potential risk of danger to the officer, the frisk of the backpack was reasonable and did not exceed the scope of a lawful *Terry* stop.

Affirmed.

GROSSE and BECKER, JJ., concur.

Review denied at 135 Wn.2d 1002 (1998).